# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 19-0176 (01) |
| VERSUS | JUDGE DONALD E. WALTER |
| CHRISTOPHER JOHN WILLIAMS | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a Motion to Suppress filed by Defendant Christopher John Williams ("Williams"). See Record Document 19. The Government opposes the motion. See Record Document 24. For the reasons assigned herein, the Defendant's motion is **DENIED**.

## BACKGROUND INFORMATION

On May 22, 2019, Williams was indicted by the grand jury with one count of Possession of a Firearm by a Convicted Felon in violation 18 U.S.C. § 922(g)(1). See Record Document 1. The federal gun charge was filed after Williams, who had been arrested and detained on unrelated state charges, was allegedly heard on the prison's telephone system directing another individual to dispose of a firearm.[1] Williams moves to suppress the recorded conversations underlying his federal charge, arguing that they are fruit of the poisonous tree because the arrest warrant issued for one of his state charges was invalid, which resulted in a warrantless arrest. See Record Document 19 at 1. Williams contends that law enforcement would not have been able to listen to his conversations if he had not been subjected to an unlawful arrest. See id. at 2-3.

---

[1] Members of the FBI Northwest Louisiana Violent Crimes Task Force were monitoring Williams' jail calls because he was a recent witness in another federal trial involving a violent street gang.

The arrest warrant in question was issued by Judge John Mosely, a District Judge in Caddo Parish, Louisiana, on December 5, 2018. See Record Document 24-2. The arrest warrant was labeled "State of Louisiana vs. Christopher Williams B/M 9-21-1988, 149 E. College Street, Shreveport, La 71104." See Record Document 24-2 at 2. The warrant read in relevant part as follows:

> To the Sheriff of the Parish of Caddo: -- Greeting –
>
> Whereas, Detective Angie Willhite, badge number #305, has this day made complaint, under oath, before me, Judge of the District Court, Parish of Caddo, that on or about the 2nd day of November, 2018, one Christopher Williams D.O.B. 9-21-1988, Shreveport, LA at and in said Parish committed the offense of Attempted Second Degree Murder, in that he violated Louisiana R.S. 14:27/30.1 in that he had intent to kill a human being.
>
> These are therefore to Command You, in the name of the State of Louisiana, to forthwith arrest the said B/M DeAndrew Mosley D.O.B. 02/27/99, Shreveport, LA, and take him before the District Judge of the Parish of Caddo, to answer unto said compliant, and to be further dealt with according to law.

See Record Document 24-2 at 1. The affidavit submitted to Judge Mosely in support of the warrant lists the accused as "Christopher Williams B/M 9-21-1988, 149 E. College Street, Shreveport, La 71104" and contains the relevant facts supporting the issuance of the warrant. See id. at 3-5. On the same day, December 5, 2018, the State of Louisiana Board of Pardons and Parole issued their own warrant for the arrest of "Christopher J. Williams, DOC #540061, Black/Male, 09/21/1989" for violations of his parole conditions. See Record Document 24-1 at 2.

On January 31, 2019, an officer with the Shreveport Police Department stopped Williams for driving a vehicle with extremely dark window tint. Williams provided the officer with an identification card. The officer performed a check of the National Crime Information Center system and discovered that Williams had two warrants for his arrest. Williams was then placed

2

in handcuffs and transported to jail where he was later overheard on the jail telephone discussing a firearm.

Williams argues that the warrant issued by Judge Mosely is invalid because it contains another individual's name (DeAndrew Mosely D.O.B. 02/27/99). See Record Document 19 at 1. Williams also argues that while his name does appear on the header of the warrant issued by Judge Mosely, the birthdate is incorrect. See id. In light of these errors, Williams contends that the warrant was invalid and resulted in a warrantless arrest in violation of the Fourth Amendment. See id. at 1-2.

**LAW AND ANALYSIS**

The Fourth Amendment forbids "unreasonable searches and seizures" such that law enforcement must have either probable cause or an arrest warrant before securing an individual in their custody. See Herring v. United States, 555 U.S. 135, 136, 129 S.Ct. 695, 698 (2009). However, the Fourth Amendment does not contain a "provision expressly precluding the use of evidence obtained in violation of its commands." Arizona v. Evans, 514 U.S. 1, 10, 115 S.Ct. 1185 (1995). The Supreme Court has judicially created "an exclusionary rule that, when applicable, forbids the use of improperly obtained evidence at trial." Herring, 555 U.S. at 139 (citations omitted). The purpose of the rule is "to safeguard Fourth Amendment rights generally through its deterrent effect." Id. at 140 (citing United States v. Calandra, 414 U.S. 338, 348, 94 S.Ct. 613 (1974)). Application of the exclusionary rule is not a necessary consequence of every Fourth Amendment violation. See id. at 141. Rather, the benefits in applying the rule to exclude evidence must outweigh the substantial social costs upon truth-seeking and law enforcement objectives. See id. (citations omitted).

The exclusionary rule does not apply in cases where police acted in an objectively reasonable manner or in good faith reliance on a warrant that is subsequently invalidated for a lack of probable cause. See id. at 142 (citing United States v. Leon, 468 U.S. 897, 922, 104 S.Ct. 3405 (1984)). Additionally, the exclusionary rule has been found not to apply "when a warrant was invalid because a judge forgot to make 'clerical corrections' to it." See id. (citing Massachusetts v. Sheppard, 468 U.S. 981, 104 S.Ct. 3424 (1984)). The exclusionary rule was designed to deter police misconduct, not that of judicial employees. See id. at 142. The rule "serves to deter deliberate, reckless, or grossly negligent conduct, or in some circumstances recurring or systemic negligence." See id. at 144.

None of the these concerns are raised by Judge Mosely's warrant. Although the warrant contains clerical errors, they do not render the warrant invalid. The date of birth on the warrant is noted as "9-21-1988" while Williams' actual date of birth is 9-21-1989. See Record Document 24-2, Record Document 3. The Court views a discrepancy of this type as a scrivener's error by the clerk who prepared the warrant. Similarly, the phrase within the warrant that inadvertently refers to another individual appears to have been oversight because Williams' name is used several other times in the warrant as well as in the supporting affidavit. While it is certainly important for language to be precise in a document of this importance, the errors are not of a magnitude to invoke the exclusionary rule. See Wanger v. Bonner, 621 F.2d 675, 682 (5th Cir. 1980) (inclusion of the name of the person to be arrested on the warrant is sufficient description of the accused to satisfy the Fourth Amendment). The Court also notes that Williams has not argued that the affidavit supporting the warrant lacked probable cause for his arrest. As such, any issue with law enforcement's reliance the warrant falls under the "good faith

exception" to the exclusionary rule because the warrant could have been easily been amended to correct the clerical errors. See United States v. Galbert, 248 F.3d 1144 (5th Cir. 2001).

Alternatively, the Court notes that Williams has not challenged the validity of the warrant issued for the violation of the terms of his parole. Even if the Court were to find that the warrant issued by Judge Mosely was invalid in some manner, Williams' arrest was still proper under the warrant for his parole violation. When the police officer encountered Williams, both warrants for his arrest were pending. Thus, his arrest for violating parole also led to his detention in the facility where he was heard communicating on the jail telephone. Under the circumstances of this case, exclusion of the evidence is not required.

## CONCLUSION

For the reasons assigned herein, Williams' Motion to Suppress (Record Document 19) is **DENIED**.

**THUS DONE AND SIGNED**, this 16th day of September, 2019.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE